Mariana SETIO; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–70970.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

Kaaren L. Barr, Seattle, WA, for Petitioners.

Robbin Kinmonth Blaya, Esq., Trial, Barry J. Pettinato, U.S. Department of Justice, Office of Immigration Litigation Washington, DC, Office of the District Counsel, Department of Homeland Security, Seattle, WA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Mariana Setio, NFN ("No First Name") Irwan, and their minor daughter, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have jurisdiction under 8 U.S.C. § 1252 and we review for substantial evidence. *Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's conclusion that Setio failed to establish it is more likely than not that she will be tortured if returned to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003). We therefore uphold the agency's denial of relief under the CAT.

We cannot effectively review the agency's asylum and withholding of removal findings. The IJ did not consider whether the harm Setio described constituted past persecution and, because the BIA affirmed the IJ under *Matter of Burbano,* 20 I. & N. Dec. 872, 874 (BIA 1994), neither did the BIA. Without an agency determination regarding past persecution, we cannot adequately evaluate whether Setio has a presumption of eligibility for asylum and withholding of removal. *See Recinos De Leon v. Gonzales,* 400 F.3d 1185, 1191–92 (9th Cir.2005).

Further, because Setio's testimony and declaration establish that she was targeted on account of her Christian religion during the 1997 attack, substantial evidence does not support the BIA's finding that the only motivation for the attack was theft. *See Maini v. INS,* 212 F.3d 1167, 1175–76 (9th Cir.2000).

Accordingly, we deny the petition with respect to Setio's CAT claim, we grant the petition with respect to her asylum and withholding of removal claims, and remand this case to the BIA for further proceedings consistent with this disposition. *See Recinos De Leon,* 400 F.3d at 1194.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.